

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

**PRICE DANIEL**
**ATTORNEY GENERAL**

June 16, 1948

Hon. Tom DeBerry
Board of Control
Austin, Texas

Opinion No. V-605

Re: The authority of the
Board of Control to
make refunds of over-
payments of Federal
meat subsidies to
State eleemosynary
institutions.

Dear Sir:

In your letter of May 14, 1948, you state
that various State schools and eleemosynary institu-
tions had received meat subsidies from the Federal
Government and that now the Reconstruction Finance
Corporation on behalf of the Federal Government has
made claim against the Board of Control for overpay-
ments in the amounts set out to the following insti-
tutions:

Abilene State Hospital ...........$   88.88
Gatesville State School for Boys     76.59
Gainesville State School for Girls   42.87
State Tuberculosis Sanatorium....   436.79
Terrell State Hospital ..........  1037.23

You further state that all meat subsidy pay-
ments were eventually deposited in the State Treasury.
Your inquiry is as follows:

"Whether we would be authorized to
make a refund payment to the Reconstruc-
tion Finance Corporation for the amounts
shown above if such amounts are found to
be the correct amounts of overpayment."

Article 3179, V. C. S. directs the State
Treasurer to deposit all money received from the in-
stitutions involved to the credit of the general rev-
enue fund of the State. The treasurer has informed us
that the meat subsidy payments received by these insti-
tutions have been credited to the general revenue fund.

Article VIII, Section 6 of the Constitution of Texas, provides:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law . . ."

38 Tex. Jur., Sec. 27, page 844, says:

"Under the Constitution no money shall be drawn from the treasury but in pursuance of specific appropriations made by law - a prohibition that may not be ignored or evaded."  (Underscoring ours.)

The case of Manion v. Lockhart, State Treasurer, 114 S.W.(2d) 216, 131 Tex. 175, involved a similar question.  In this case relator Manion applied for a writ of mandamus to compel the Treasurer of Texas to pay to him a sum of money which legally belonged to him.  The State Treasurer had deposited the money in the general revenue fund.  The Supreme Court said:

"He (State Treasurer) in good faith deposited such money in the general revenue fund, which now requires that it be appropriated by the Legislature in accordance with the provisions of section 6 of article 8 of the Constitution.  Respondent does not now have in his possession such funds, and, therefore, he is unable, without an act of the Legislature, to pay same to those entitled thereto. . .

"It is undisputed that relator has fully complied with the law and is entitled to be paid the sum of money claimed by him.  It is not shown, however, that relator cannot obtain the money due him by another complete and adequate remedy.  While it is true that the money due relator has been placed in the general revenue fund, the Legislature has not refused to make a specific appropriation to pay relator's demand therefor."

We have carefully examined Senate Bill No. 374 passed by the 50th Legislature, in which current appropriations were made for the eleemosynary institutions involved herein.  There is no fund in this appropriation bill out of which a refund could be made to the Reconstruction Finance Corporation for the alleged overpayments of meat subsidies.

Since the subsidy payments have already been deposited in the general revenue fund and since there are no current appropriations out of which a refund could be made to the Reconstruction Finance Corporation, we are of the opinion that you are not authorized to make such a refund.

Having answered your first question in the negative, we do not deem it necessary to answer your second question.

## SUMMARY

Under the circumstances stated, the State Board of Control is not authorized to pay to the Reconstruction Finance Corporation refunds of overpayments of Federal meat subsidies received by State Eleemosynary Institutions, in the absence of an appropriation for that purpose.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Clinton Foshee*

Clinton Foshee
Assistant

CF:mw:erc

APPROVED:

*Price Daniel*
ATTORNEY GENERAL